IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BARBARA ROGERS** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **2:17-cv-67** |
| | § | JURY TRIAL |
| **LITHIA MOTORS SUPPORT** | § | |
| **SERVICES, INC.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE**:

**COMES NOW** Barbara Rogers (hereinafter "Rogers" or "Plaintiff"), by and through her undersigned attorneys, complaining of Lithia Motors Support Services, Inc. (hereinafter "Lithia" or "Defendant"), and alleges as follows:

1. This is an action by Plaintiff against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), and for depriving Plaintiff of retirement/employment benefits in violation of 29 U.S.C. §§ 1001 et seq., ("ERISA"). Plaintiff seeks damages and reasonable attorney's fees.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343, as the causes of action involve a federal question based upon the Fair Labor Standards Act, and ERISA.

3. This action lies in the United States District Court for the Southern District of Texas, Corpus Christi, pursuant to 28 U.S.C. § 1391(b), as the Defendant maintains an office and auto dealership in Corpus Christi, Texas.

4. Defendant is a foreign for-profit corporation, with its principal place of business located at 360 E. Jackson St., Medford, Oregon, 97501, and operated dealerships which sell new and used cars, trucks and SUVs in Alaska, Washington, Oregon, California, Nevada, North Dakota, New Mexico, Montana, Idaho, Iowa and Texas.

5. At all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Defendant employed Plaintiff from October 6, 1986 through March 31, 2015. During her almost 30 years of employment, Plaintiff worked as a Warranty Administrator, Operator, Shuttle Driver, File Clerk, Greeter, Porter, Assistant Service Manager, and Customer Service Associate. Plaintiff, at all times relevant to the violations of the FLSA was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

7. Throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

## I. **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT "FLSA"**

8. Plaintiff was not paid time and one-half her regular rate of pay for hours worked in excess of 40 in any workweek.

9. During Plaintiff's employment, Defendant required, suffered or permitted Plaintiff and to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

10. Defendant was aware that the FLSA required it to pay Plaintiff time and one-half of her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

11. Defendant was aware that Plaintiff had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff.

12. Defendant's failure to properly compensate Plaintiff was willfully perpetrated and Plaintiff is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

13. Alternatively, should the Court find that Defendant did not act willfully in failing to pay

wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime.

14. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages and reasonable attorney's fees and costs.

## II. <u>RETALIATORY DISCHARGE</u>

15. It is against public policy to retaliate against any employee for claiming rights under the Fair Labor Standards Act, as amended, §§201, 207, 216 and 255, *et seq.*, which require compensation to be paid at one and one-half times the regular rate of pay for any hours worked over forty in a single workweek.

16. Plaintiff was engaging in protected activity when alerting and complaining to Defendant about said employer's failure to pay wages at one and one-half times the regular rate of pay for overtime hours worked, when claiming back wages due, and when she requested that Defendant comply with the State and Federal law.

17. In retaliation for making said complaints and demands with Defendant, Defendant reduced Plaintiff's pay, made changes to her job, ordered her to adjust her time card, fired her only assistant, generally set Plaintiff up for failure in her job, and ultimately forced Plaintiff to quit.

18. Defendant acted in a willful and malicious manner in sabotaging Plaintiff's employment in an effort to defeat the public policy protecting employees who exercise their legal rights under the Acts.

## III. VIOLATIONS OF THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT "ERISA"

19. Plaintiff was a participant in and beneficiary of employee benefit plans sponsored by Defendant which are subject to ERISA.

20. At all relevant times Defendant acted as sponsor and administrator or co-administrator of the ERISA plans.

21. When Defendant violated the FLSA by repeatedly refusing to pay Plaintiff overtime, and retaliated against her for making complaints regarding same, Defendant violated ERISA by interfereing with Plaintiff's employment in retaliation for exercising her rights, with the intent to interfere with the attainment of rights under Defendant's disability, pension, medical and leave plans in violation of ERISA.

22. At all times Defendant acted as the administrator and/or co-admininstrator of the ERISA plans. Defendant made representations to Plaintiff regarding her rights to benefits and rights under ERISA plans. Defendant by virtue of its position and conduct had fiduciary obligations imposed upon it under ERISA, which it violated by conduct as described in the previous paragraphs.

23. As a result of Defendant's willful and malicious actions in violation of said Acts, it has caused, in part or in whole, Plaintiff's damages in the form of back pay wages, front pay wages, front pay overtime wages, all loss of earnings in the future as a result of its unlawful acts. Defendant should be required to pay such damages, including exemplary damages, pre and post judgment interest, all costs reasonably associated with this litigation, court costs and reasonable attorney fees due to its willful, malicious and wanton retaliatory actions.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow Plaintiff to recover the following:

   a. all direct damages;

b. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

d. liquidated damades;

e. exemplary damages;

f. attorney fees;

g. court costs, including the costs of litigation;

h. pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and

i. any other relief that the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
Amie Augenstein
Amie@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

/s/ Christopher J. Gale
Christopher J. Gale
Chris@GaleLawGroup.com
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257